UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT LUCAS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | **ORDER** |
| - against - | 20 Civ. 4740 (PGG) |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE, and STUART P. CRUMBAUGH, | |
| Defendants. | |
| MOSHE EPHRATI, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | 20 Civ. 6010 (PGG) |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE, and STUART P. CRUMBAUGH, | |
| Defendants. | |
| DANNY PALACIOS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | 20 Civ. 6442 (PGG) |
| UNITED STATES OIL FUND, LP, UNITED STATES COMMODITY FUNDS LLC, JOHN P. LOVE, and STUART P. CRUMBAUGH, | |
| Defendants. | |

PAUL G. GARDEPHE, U.S.D.J.:

Pending before the Court are three motions to appoint lead plaintiff, approve lead counsel, and consolidate three putative class actions brought under federal securities laws by shareholders of United States Oil Fund, LP ("U.S. Oil" or the "Fund").[1]  See Lucas v. United States Oil Fund, LP, Case No. 20 Civ. 4740 (PGG); Ephrati v. United States Oil Fund, LP, Case No. 20 Civ. 6010 (PGG); and Palacios v. United States Oil Fund, LP, Case No. 20 Civ. 6442 (PGG).  For the reasons stated below, these actions will be consolidated; Nutit A.S.'s motion to be appointed lead plaintiff will be granted; and the competing motions for appointment as lead plaintiff will be denied.

## BACKGROUND

U.S. Oil is an exchange traded fund designed to track daily changes in the spot price of West Texas Intermediate light, sweet crude oil delivered to Cushing, Oklahoma.  (Lucas Cmplt. (Dkt. No. 1) ¶¶ 2, 18)

On February 25, 2020, U.S. Oil filed with the U.S. Securities and Exchange Commission ("SEC") a prospectus on Form 424B3, which incorporated and formed part of an earlier filed registration statement on Form S-3 to register U.S. Oil shares (the "February Registration Statement").  (Palacios Cmplt. (Case No. 20 Civ. 6442, Dkt. No. 1) ¶ 30)  On March 19, 2020, U.S. Oil filed with the SEC a registration statement on Form S-3 to register U.S. Oil shares (the "March Registration Statement").  (Id. ¶ 31)  The February and March Statements did not disclose alleged risks to the Fund resulting from the COVID-19 pandemic and an oil price war between Russia and Saudi Arabia that began in "early March 2020."  (Id. ¶¶ 3, 27, 57)

---

[1] Nine such motions were originally filed, but six have been withdrawn.  (Dkt. Nos. 50, 51, 52, 53, 54, 62)  Unless otherwise indicated, all docket references in this Order refer to the docket in Lucas v. United States Oil Fund, LP, Case No. 20 Civ. 4740 (PGG).

The Lucas Complaint was filed on June 19, 2020; the Ephrati Complaint was filed on July 31, 2020; and the Palacios Complaint was filed on August 13, 2020. (Lucas Cmplt. (Case No. 20 Civ. 4740, Dkt. No. 1); Ephrati Cmplt. (Case No. 20 Civ. 6010, Dkt. No. 1); Palacios Cmplt. (Case No. 20 Civ. 6442, Dkt. No. 1)) The Ephrati and Lucas Complaints define the class period as March 19, 2020 to April 28, 2020. (Ephrati Cmplt. (Case No. 20 Civ. 6010, Dkt. No. 1) ¶ 1; Lucas Cmplt. (Case No. 20 Civ. 4740, Dkt. No. 1) ¶ 1) The Palacios Complaint defines the class period as February 25, 2020 to April 28, 2020. (Palacios Cmplt. (Case No. 20 Civ. 6442, Dkt. No. 1) ¶ 1)

## I. CONSOLIDATION

All movants seek consolidation of these actions, and there has been no objection to consolidation.

Fed. R. Civ. P. 42(a) provides that a district court may consolidate "actions before the court involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a). "'A determination on the issue of consolidation is left to the sound discretion of the Court,'" In re UBS Auction Rate Sec. Litig., No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *1 (S.D.N.Y. July 16, 2008) (quoting Albert Fadem Trust v. Citigroup Inc., 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002)), and involves weighing considerations of convenience, judicial economy, and cost reduction while ensuring that the "paramount concern for a fair and impartial trial" is honored. Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Here, consolidation is plainly appropriate. All three cases arise from alleged omissions and misrepresentations in U.S. Oil's February and/or March Registration Statements

regarding the COVID-19 pandemic and an alleged Russia-Saudi oil price war.[2] (Lucas Cmplt. (Case No. 20 Civ. 4740, Dkt. No. 1) ¶¶ 55-66; Ephrati Cmplt. (Case No. 20 Civ. 6010, Dkt. No. 1) ¶¶ 33-44; Palacios Cmplt. (Case No. 20 Civ. 6442, Dkt. No. 1) ¶¶ 56-68) Plaintiffs assert similar claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and all three complaints name the same four defendants.[3] (Lucas Cmplt. (Case No. 20 Civ. 4740, Dkt. No. 1) ¶¶ 81-88; Ephrati Cmplt. (Case No. 20 Civ. 6010, Dkt. No. 1) ¶¶ 81-88; Palacios Cmplt. (Case No. 20 Civ. 6442, Dkt. No. 1) ¶¶ 83-90) Accordingly, pursuant to Rule 42(a), these three actions – as well as any other related U.S. Oil class actions hereafter filed in or transferred to this Court – will be consolidated.

The actions shall be referred to collectively as In re: United States Oil Fund, LP Securities Litigation, No. 20 Civ. 4740 (PGG) (the "Consolidated U.S. Oil Class Action"). The Clerk of Court shall file a copy of this Order in the separate file for each of the above-captioned United States Oil Fund class action cases. Unless otherwise ordered by this Court, future filings in any United States Oil Fund class action case herein consolidated shall be filed and docketed only under docket number 20 Civ. 4740 (PGG). All counsel who have entered appearances in the above-captioned class action cases shall be deemed to have entered an appearance in the Consolidated U.S. Oil Class Action under the docket number 20 Civ. 4740 (PGG). All motions for admission pro hac vice and all orders granting such motions in the above-captioned actions

---

[2] The Palacios Complaint is premised on the February and March Registration Statements; the other two complaints are premised only on the March Registration Statement.

[3] These defendants are: U.S. Oil; United States Commodity Funds LLC ("USCF") (U.S. Oil's sponsor and general and managing partner); John P. Love (USCF's president and chief executive officer); and Stuart P. Crumbaugh (USCF's chief financial officer). (Lucas Cmplt. (Case No. 20 Civ. 4740, Dkt. No. 1) ¶¶ 12-15; Ephrati Cmplt. (Case No. 20 Civ. 6010, Dkt. No. 1) ¶¶ 12-15; Palacios Cmplt. (Case No. 20 Civ. 6442, Dkt. No. 1) ¶¶ 12-15)

shall also be deemed filed in the Consolidated United States Oil Fund Class Action under the docket number 20 Civ. 4740 (PGG).

Counsel is directed to alert the Clerk of Court to the filing or transfer of any case that might properly be consolidated as part of this litigation. Any class action involving substantially related questions of law and fact hereafter filed in or transferred to this Court shall be consolidated under the master file number assigned to this case.

Every pleading filed in the Consolidated U.S. Oil Class Action under the docket number 20 Civ. 4740 (PGG) shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE: UNITED STATES OIL FUND, LP SECURITIES LITIGATION | 20 Civ. 4740 (PGG) |
|---|---|

The Court's consolidation order does not make any person, firm, or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## II.     APPOINTMENT OF LEAD PLAINTIFF

### A.     Presumptive Lead Plaintiff:  Largest Financial Interest

#### 1.     Legal Standard

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a "[r]ebuttable presumption" that "the most adequate plaintiff . . . is the person or group of persons" that "has the largest financial interest in the relief sought by the class," provided that such person or group "otherwise satisfies

5

the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Id. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  This presumption may be rebutted upon a showing that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

"The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest'. . . ." In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 436 (S.D.N.Y. 2008).  Many courts in this District, however, have calculated a prospective lead plaintiff's financial interest by looking to "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiff[] during the class period; and (4) the approximate losses suffered by the plaintiff[]." In re CMED Sec. Litig., No. 11 Civ. 9297 (KBF), 2012 WL 1118302, at *3 (S.D.N.Y.  Apr. 2, 2012) (citing Lax v. First Merchants Acceptance Corp., Nos. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)); see also Richman v. Goldman Sachs Grp., Inc., 274 F.R.D. 473, 475 (S.D.N.Y. 2011) (citing same); In re Fuwei Films, 247 F.R.D. at 437 (same).  "Most courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures." Richman, 274 F.R.D. at 479; see also Bo Young Cha v. Kinross Gold Corp., No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) (collecting cases).

### 2. Lead Plaintiff Applicants

There are three applicants for lead plaintiff status.  Based on the motion papers submitted to this Court, the relevant financial interest components are as follows:

| Movant | Shares Purchased During Class Period[4] | Shares Retained | Funds Expended | Loss |
|---|---|---|---|---|
| Joseph A. O'Connor Trust and Arjun Bhartia | 1,373,818 | 73,818 | $6,780,494 | $1,477,053 (FIFO) or $571,574 (LIFO) |
| Heritage Investment Corp. ("Heritage") | 1,310,000 | None | $4,184,871.98 | $6,243,580.26[5] |
| Nutit, A.S. ("Nutit") | 535,374 | None | $24,401,431.50 | $13,563,689.13 |

(Joseph A. O'Connor Trust and Arjun Bhartia's Loss Chart (Dkt. No. 29-1) at 2; Heritage's Loss Analysis (Dkt. No. 39-3) at 4); Nutit's Estimated Losses (Dkt. No. 45-3) at 3)[6]

As an initial matter, movants Joseph A. O'Connor Trust and Arjun Bhartia have not opposed the motions submitted by Heritage and Nutit, and therefore have not rebutted the "largest financial interest" presumption. Accordingly, the Trust and Bhartia will not be considered for appointment as lead plaintiff, see In re CMED, 2012 WL 1118302, at *4 (citing In re Orion Sec. Litig., No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *6 (S.D.N.Y. July 8, 2008)),

---

[4] For purposes of calculating loss, all three movants utilized the February 25, 2020 to April 28, 2020 class period. (Joseph A. O'Connor Trust and Arjun Bhartia Br. (Dkt. No. 30) at 5; Heritage Br. (Dkt. No. 34) at 5-6; Nutit Br. (Dkt. No. 44) at 5)

[5] A significant percentage of Heritage's alleged losses are based on its financial interest in the sale of put options. (Heritage Investment Corp. (Dkt. No. 39-3) at 3) Nutit argues that losses based on the sale of put options should be excluded because, as Heritage acknowledges, the claims here are "'brought on behalf of . . . persons who purchased . . . [U.S. Oil] securities.'" (Nutit Opp. (Dkt. No. 55) at 7 (quoting Heritage Br. (Dkt. No. 34) at 5) (emphasis in Nutit Opp. (Dkt. No. 55)) According to Nutit, if losses associated with the sale of put options are not considered, Heritage's losses are approximately half of what it claims. (Id.) Heritage's alleged losses are – before any deduction is taken for losses associated with the sale of put options – less than half of Nutit's losses. Accordingly, it is not necessary to resolve this issue.

[6] Citations to page numbers refer to the pagination generated by this District's Electronic Case Files ("ECF") system.

and their motion to be appointed lead plaintiff will be denied.

As for the two remaining applicants, Nutit – a Czech Republic-based joint stock company – alleges losses of approximately $13.5 million, while Heritage – a Nevada-based S Corporation – alleges losses of $6.2 million. (Nutit's Estimated Losses (Dkt. No. 45-3) at 3; Strnad Decl. (Dkt. No. 45-4) ¶ 1; Heritage's Loss Analysis (Dkt. No. 39-3) at 4); Chang Decl. (Dkt. No. 39-1) ¶ 3) Given that Nutit's losses are more than double Heritage's losses, the Court concludes that Nutit has the largest financial interest in this litigation and is therefore the presumptive lead plaintiff. See Richman, 274 F.R.D. at 479 ("Most courts agree that the largest loss is the critical ingredient in determining the largest financial interest and outweighs net shares purchased and net expenditures.") (citing Foley v. Transocean Ltd., 272 F.R.D. 126, 128 (S.D.N.Y. 2011)); Bo Young Cha v. Kinross Gold Corp., No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *2 (S.D.N.Y. May 31, 2012) ("[C]ourts have consistently held that the . . . magnitude of the loss suffered . . . is the most significant [factor]."); Weiss v. Friedman, Billings, Ramsey Group, Inc., No. 05-CV-04617 (RJH) et al., 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) ("'The amount of financial loss is the most significant of [the Lax-style] elements.'") (quoting In re Vicuron Pharm., Inc. Sec. Litig., 225 F.R.D. 508, 510-11 (E.D. Pa. 2004)).

Heritage's arguments to the contrary are not persuasive. In its moving papers, Heritage – like the other applicants – calculated its losses based on the longer class period, February 25, 2020 to April 28, 2020. (Heritage Br. (Dkt. No. 34) at 6 n.2 ("Generally at the lead plaintiff stage, courts have found that the 'use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.'") (quoting Hom v. Vale, S.A., No. 15-CV-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016))) In its opposition papers, however, Heritage contends that the shorter class period –

March 19, 2020 to April 28, 2020 – should be used.  (Heritage Opp. (Dkt. No. 56) at 8-13)  Heritage argues that there is "no factual basis to support [the] expansion of the class period" back to February 25, 2020, because (1) "the oil pricing war between Saudi Arabia and Russia" did not begin until "early March 2020," and (2) "COVID-19 interruptions" did not begin affecting U.S. Oil's operations and oil prices more broadly until March 2020.  (Heritage Opp. (Dkt. No. 56) at 10-11)  Using the shorter class period, Heritage claims that it suffered $4,545,829 in losses, which Heritage claims is $39,582 more than the losses suffered by Nutit during the same time period.  (Id. at 13; Heritage Reply (Dkt. No. 59) at 3)

Where there are two potential class periods, courts addressing lead plaintiff motions generally apply the longer class period.  See Rauch v. Vale S.A., 378 F. Supp. 3d 198, 209 n.11 (E.D.N.Y. 2019) ("For the purposes of appointing lead plaintiff in cases involving two potential class periods, courts use the longer class period in the analysis."); Hom, 2016 WL 880201, at *4 ("[T]he use of the longer, more inclusive class period is proper for purposes of the present motion because the longer class period encompasses more potential class members and damages.  A number of courts in this district have found it appropriate to rely on the more inclusive class for determining lead plaintiff because it encompasses more potential class members.") (quotations omitted) (collecting cases).

Courts vary from this approach only where the proposed longer class period is "'[im]plausibl[e]'" or "'obviously frivolous.'"  Villare v. ABIOMED, Inc., No. 19 CIV. 7319 (ER), 2020 WL 3497285, at *4 (S.D.N.Y. June 29, 2020) (quoting In re Centerline Holding Co. Sec. Litig., No. 08 Civ. 505 (SAS), 2008 WL 1959799, at *3-4 (S.D.N.Y. May 5, 2008) and then Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp., 256 F.R.D. 620, 625 (E.D. Wis. 2009)).

9

Here, the Palacios Complaint alleges facts that plausibly suggest that the class period should start on February 25, 2020, when U.S. Oil filed the February Registration Statement with the SEC.  (Palacios Cmplt. (Case No. 20 Civ. 6442, Dkt. No. 1) ¶ 30)  The Palacios Complaint alleges that "the coronavirus pandemic had been declared a global public health emergency by the WHO in January 2020 – weeks before the February Registration Statement."  (Id. ¶ 52)  Yet the "February Registration Statement did not even mention the COVID-19 pandemic" (id. ¶ 58), and instead included only "boilerplate discussions of future potential adverse impacts to the Fund that 'may' or 'could' occur if general categories of contingent circumstances later developed."  (Id. ¶ 62)  For purposes of deciding the competing applications for lead plaintiff status, the Court concludes that the longer class period is plausible and not "obviously frivolous."

That Heritage – in its moving papers – calculated its losses based on the longer class period, and changed its approach only after learning that Nutit's losses exceeded its own, is all the more reason to reject Heritage's attempt to truncate the class period.  (Heritage Br. (Dkt. No. 34) at 5-6; Heritage Opp. (Dkt. No. 56) at 8-13) see Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., No. 2:19-CV-3347, 2020 WL 3396660, at *6 (S.D. Ohio June 19, 2020) (noting that courts disapprove of "vacillating advocacy . . . as it pertains to calculating losses for appointment as lead plaintiff," and applying "method of accounting which both parties adopted in their initial motions"); Bodri v. Gopro, Inc., No. 16-CV-00232-JST, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) ("Only after the parties filed their opening briefs, and the parties were made aware of how their respective motions would fare . . . , did [one movant] argue that the more appropriate measure of greatest financial stake was the 'retained shares' methodology. . . . This fact alone counsels in favor of adopting the LIFO methodology, as

10

opposed to the retained shares methodology.").

Finally, Heritage argues that Nutit should be precluded from serving as lead plaintiff because its PSLRA certification[7] is "null and void." (Heritage Opp. (Dkt. No. 56) at 14) The certification that accompanied Nutit's moving papers was signed by one member of the company's two-person board of directors. (Nutit Certification (Dkt. No. 45-2)) Heritage argues that – in order to comply with Nutit's Articles of Association and Czech law – both of its directors were required to sign the certification. (Heritage Opp. (Dkt. No. 56) at 14-16; Heritage Reply (Dkt. No. 59) at 6-7; Buchvaldek Decl. (Dkt. No. 57-2))

As an initial matter, "there is a dispute as to whether the certification requirement of the PSLRA applies to candidates for lead plaintiffs," such as Nutit, "who did not file a complaint, as the [applicable statutory] section is titled 'Certification filed with Complaint.'" Roby v. Ocean Power Techs., Inc., No. 14-CV-3799 FLW LHG, 2015 WL 1334320, at *8 n.8 (D.N.J. Mar. 17, 2015) (citing Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., Inc., 229 F.R.D. 395, 407 n.18 (S.D.N.Y. 2004)); see also Vladimir v. Bioenvision, Inc., No. 07 CIV. 6416 (SHS) (AJP), 2007 WL 4526532, at *9 (S.D.N.Y. Dec. 21,

---

[7] See 15 U.S.C. 78u-4(a)(2)(A) ("Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that – (i) states that the plaintiff has reviewed the complaint and authorized its filing; (ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter; (iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary; (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint; (v) identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and (vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court. . . .").

2007) ("[S]ome courts have concluded that 'it is unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit such a certificate.'") (quoting Pirelli, 229 F.R.D. at 407)).  Accordingly, certain courts have ruled "that 'the existence or adequacy of any certificates submitted . . . will not be considered a determinative factor' at the stage of selecting a lead plaintiff."  Roby, 2015 WL 1334320, at *8 n.8 (quoting Perelli, 229 F.R.D. at 407).

In any event, to remedy any defect with its initial certification, Nutit has filed a revised certification that is signed by both directors, which renders the issue moot.  (Nutit Certification (Dkt. No. 61-1))  To the extent that Heritage argues that the amendment is untimely (Heritage Reply (Dkt. No. 59) at 7), this argument is not persuasive.  "[W]here movants have timely filed their motions for lead-plaintiff appointment, courts have permitted them to supplement or amend their motions."  Villare v. ABIOMED, Inc., No. 19 CIV. 7319 (ER), 2020 WL 3497285, at *5 n.9 (S.D.N.Y. June 29, 2020); see also Rao v. Quorum Health Corp., 221 F. Supp. 3d 987, 989 (M.D. Tenn. 2016) ("As the certification requirement in the PSLRA does not have a time limit, many courts have allowed lead plaintiff movants to amend their certifications if issues arose.") (citations omitted).  The Court therefore will consider Nutit's revised certification, even though it was filed after the deadline to move for lead plaintiff status.

To reiterate:  Nutit is the presumptive lead plaintiff because it suffered the largest financial loss.

### B. **Rule 23 Requirements**

Fed. R. Civ. P. 23 states that a party may serve as a class representative only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are

typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). For the rebuttable presumption to apply, courts have required only a prima facie showing that the requirements of Rule 23 are met. See In re KIT Digital, Inc. Sec. Litig., 293 F.R.D. 441, 445 (S.D.N.Y. 2013). Furthermore, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998); see also Simmons v. Spencer, Nos. 13 Civ. 8216 (RWS), et al., 2014 WL 1678987, at *4 (S.D.N.Y. April 25, 2014); In re KIT Digital, 293 F.R.D. at 445; see also Varghese v. China Shenghuo Pharms. Holdings, Inc., 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); Kaplan v. Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required.").

"Typicality is established where each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" Freudenberg v. E*Trade Fin. Corp., Nos. 07 Civ. 8538, et al., 2008 WL 2876373, at *5 (S.D.N.Y. July 16, 2008) (quoting In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992)). However, "[t]he lead plaintiff's claims 'need not be identical to the claims of the class to satisfy the [preliminary showing of] typicality.'" In re Fuwei Films, 247 F.R.D. at 436 (quoting Pirelli, 229 F.R.D. at 412).

Here, Nutit contends that it "purchased [U.S. Oil] shares during the Class Period and suffered harm when defendants' alleged misconduct was revealed." (Nutit Br. (Dkt. No. 44) at 8) This Court is satisfied that Nutit's claims and legal arguments are similar to those of other investors and therefore representative of the putative class. Accordingly, Nutit has made the preliminary showing required for typicality at this stage of the proceedings.

Nutit has also demonstrated that it will fairly and adequately protect the interests of the putative class. The adequacy requirement is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." Kaplan, 240 F.R.D. at 94. Nutit has retained competent and experienced counsel, and has pleaded a loss suggesting that it will have a strong interest in advocating on behalf of class members. Other than the certification issue discussed above, no movant has suggested that Nutit's claims are subject to unique defenses or otherwise rebutted Nutit's presumptive status as lead plaintiff. Therefore, Nutit will be appointed lead plaintiff.

### III.     APPOINTMENT OF LEAD COUNSEL

Under the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection." See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529 (LMM), 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (quoting In re Cendant Corp. Litig., 264 F.3d 201, 276 (3d Cir. 2001)).

Here, Nutit has selected Robbins Geller Rudman & Dowd LLP as class counsel, and seeks court approval of this selection. (Nutit Br. (Dkt. No. 44) at 8-10) Robbins Geller is a national law firm with 200 attorneys that specializes in complex securities litigation. (Id. at 8) This Court has previously described Robbins Geller as "'competent and experienced counsel'" in the securities class action area. (Id. at 9 (quoting In re: Iconix Brand Grp., Inc., 15 Civ. 4860 (PGG), Dkt. No. No. 53 at 12-13)) see also Strougo v. Mallinckrodt Pub. Ltd. Co., No. 19 Civ.

14

7030 (ER), 2020 WL 3469056, at *4 (S.D.N.Y. June 25, 2020) (describing Robbins Geller as "competent and experienced counsel . . . with extensive experience in . . . securities class actions"). The Court concludes that Robbins Geller is qualified to serve as lead counsel in this matter and, accordingly, approves Nutit's selection of Robbins Geller as lead counsel.

## CONCLUSION

For the reasons set forth above, the above-captioned cases are consolidated under the caption In re: United States Oil Fund, LP Securities Litigation, and the files of these actions shall be maintained in one file under Master File No. 20 Civ. 4740 (PGG). The consolidation is for all purposes, including, but not limited to, discovery, pretrial proceedings, and trial.

Nutit's motion to be appointed lead plaintiff is granted, as is Nutit's motion to consolidate related actions and to approve Robbins Geller as lead counsel. (Case No. 20 Civ. 4740, Dkt. No. 43). All other motions are denied. The Clerk of Court is directed to terminate the motions. (Case No. 20 Civ. 4740 (PGG), Dkt. Nos. 19, 22, 25, 28, 32, 33, 36, 43, 47); Case No. 20 Civ. 6010, Dkt. Nos. 13, 17); Case No. 20 Civ. 6442, Dkt. Nos. 9, 13)

Pursuant to the parties' stipulation (Case No. 20 Civ. 4740, Dkt. No. 17), any amended or consolidated complaint must be filed by **November 16, 2020**. Defendants will answer or otherwise move with respect to the amended or consolidated complaint by **January 15, 2021**. In the event that any Defendant files a motion to dismiss, lead plaintiff will file an opposition by **March 16, 2021**. Defendants will file any reply by **April 15, 2021.**

The initial pretrial conference currently scheduled for October 22, 2020, is adjourned <u>sine</u> <u>die</u>.

Dated: New York, New York
       September 16, 2020

SO ORDERED.

*[signature: Paul G. Gardephe]*

Paul G. Gardephe
United States District Court